

FILED
CLERK, U.S. DISTRICT COURT
1/13/2026
CENTRAL DISTRICT OF CALIFORNIA
BY ___asi___ DEPUTY
DOCUMENT SUBMITTED THROUGH THE
ELECTRONIC DOCUMENT SUBMISSION SYSTEM

**GENERAL SERVICES DEFENSORES DE LOS DERECHOS HUMANOS & ABOVE A. C.  PRESIDENT AND ADMINISTRATOR D DAMIAN VILLEGAS—     210 748 6554     weforthelights@gmail.com**

# IN THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA EASTERN DIVISION OF RIVERSIDE

## CIVIL ACTION COMPLAINT

## Case No. 5:25-cv-02414-CV-DTB

**CARLOS LANDEROS, AS A DIRECTLY AFFECTED PARTY INITIATING THIS CIVIL ACTION, HEREBY GIVES LEGAL NOTICE THAT HE—ALONGSIDE OTHERS WHO HAVE SUFFERED OR CONTINUE TO SUFFER THE SAME CRIMINAL INFLICTION OF PAIN AND SUFFERING, INCLUDING THOSE WHO LOST THEIR LIVES AS A DIRECT RESULT OF THE DEFENDANTS' CONDUCT, AND THE FAMILIES WHO ENDURE ITS PERMANENT CONSEQUENCES—IS ACTIVELY SEEKING LEGAL REPRESENTATION TO PURSUE THE APPROPRIATE REMEDIES HEREBY REQUESTED.**

### Plaintiff

### Vs

**TRUMP U.S. PRESIDENT; PAM BONDI U.S ATTORNEY GENERAL; KRISTI NOEM SECRETARIA DE HOMELAND SECURITY; TODD LYONS – ACTING DIRECTOR OF ICE; GEO GROUP INC.; BI INCORPORATED; CORECIVIC INC; BURKE WILLIAMS AND SORENSEN, LLP; U. S. COURT OF APPEALS FOR THE NINTH CIRCUIT CLERK MOLLY C. DWYER;  et al; AND DOES 1 THROUGH 100 INCLUSIVE.**

### Defendants

(1-of-6)

**PLAINTIFF'S MOTION TO DISQUALIFY AND RECUSE JUDGE HON. CYNTHIA VALENZUELA UNITED STATES DISTRICT JUDGE PURSUANT TO 28 U.S.C. §§ 144 AND 455; MEMORANDUM OF POINTS AND AUTHORITIES; AND AFFIDAVIT OF BIAS**

**MOTION TO DISQUALIFY/RECUSE JUDGE PURSUANT TO 28 U.S.C. §§ 144 AND 455**

**I. MOTION**

**Pursuant to 28 U.S.C. §§ 144 and 455(a), Plaintiff hereby moves for the immediate disqualification and recusal of the HON. CYNTHIA VALENZUELA United States District Judge. This motion is predicated on the Court's sustained inaction and the Clerk's refusal to perform the ministerial duty of issuing Rule 4 Summonses for a period exceeding 120 days. Such a delay—far beyond any reasonable administrative threshold—constitutes a "pocket-veto" of the judicial process, the Court's persistent refusal to grant due process, creating an objective appearance of partiality and an unconstitutional constructive denial of access to the courts. To preserve the integrity of the judiciary and ensure the equitable administration of justice, Plaintiff's request reassignment of this matter to another judge.**

**II. AFFIDAVIT OF BIAS AND PREJUDICE (28 U.S.C. § 144)**

**I, Carlos Landeros, et al, declare under penalty of perjury:**

1. **I am the Plaintiff in the above-captioned matter.**

2. **This affidavit is filed in good faith pursuant to 28 U.S.C. § 144.**

3. **On September 15, 2025, I filed the Complaint in this matter.**

4. **Despite the mandatory language of Fed. R. Civ. P. 4(b), the Clerk of Court, under the ultimate supervision and control of the presiding Judge, has failed to issue said Summonses for over 120 days.**

5. **The Court's failure to oversee its Clerk and its refusal to allow this litigation to commence demonstrates an extrajudicial bias intended to shield the Defendants from service of process and legal accountability.**

6. **A reasonable person, knowing these facts, would conclude that the Judge's impartiality is compromised, as the Court has effectively dismissed the case *de facto* without a legal basis or a hearing.**

7. **This inaction constitutes a constructive dismissal without due process, violating the Fifth Amendment.**

## III. MEMORANDUM OF POINTS AND AUTHORITIES

**A. The Mandatory Ministerial Duty under Rule 4(b)**

**Federal Rule of Civil Procedure 4(b) states:** *"If the summons is in proper form, the clerk must sign, seal, and issue it to the plaintiff for service."* **(Emphasis added). The word "must" creates a non-discretionary, ministerial duty. By allowing the Clerk to withhold summonses for four months, the Court has suspended the Federal Rules of Civil Procedure.**

- **Rule 4(b) Violation: The Clerk's duty to issue summons is ministerial, not discretionary (*Harris v. City of St. Louis*, 962 F.2d 842).**
- **28 U.S.C. § 455(a): Recusal is required whenever impartiality might reasonably be questioned (*Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847).**
- **28 U.S.C. § 144: A sufficient affidavit of bias mandates disqualification.**
- **Due Process Violation: The Fifth Amendment guarantees access to courts (*Bounds v. Smith*, 430 U.S. 817).**

**B. Statutory Grounds for Recusal under 28 U.S.C. § 455(a)**

**Section 455(a) provides:** *"Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."*

The standard is objective: **"Whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably**

be questioned." *United States v. Nelson*, 718 F.3d 1077 (9th Cir. 2013). A 120-day blockade on the issuance of summonses in a case involving constitutional claims against government officials creates a powerful appearance of "defensive" adjudication, where the Court is actively preventing the Defendants from being hailed into court.

## C. The "Extrajudicial Source" Doctrine and Constructive Dismissal

While judicial rulings alone seldom constitute bias, pervasive inaction that prevents a case from ever beginning is an "extrajudicial" obstruction. By freezing the docket, the Court is not "ruling"—it is obstructing. This is a violation of the Fifth Amendment Due Process Clause, which guarantees a "meaningful opportunity to be heard." *Armstrong v. Manzo*, 380 U.S. 545 (1965).

## D. 28 U.S.C. § 144: Timeliness and Sufficiency

This motion is timely as the prejudice has become "pervasive" and "unmistakable" through the continued passage of time (120+ days). The affidavit filed herewith is legally sufficient to trigger the requirements of Section 144.

## IV. CERTIFICATE OF GOOD FAITH

I hereby certify that this motion and the accompanying affidavit are made in good faith and are not filed for purposes of delay or harassment. I believe the facts stated herein to be true and the legal arguments to be well-founded in law.

## V. CONCLUSION

The Court's continued refusal to issue summonses has moved this case from the realm of "judicial delay" into the realm of "judicial hostility." To restore the appearance of neutrality and comply with the Federal Rules of Civil Procedure, the presiding judge must be recused.

RESPECTFULLY SUBMITTED,

Executed on January 13, 2026

*SS// Carlos A. Landeros*
Carlos A. Landeros

*SS// Dante Damián Villegas Lizalde*
**LEGAL REPRESENTATIVE OF THE FIRM
GENERAL SERVICES ADVOCATES
DERECHOS HUMANOS & ABOVE S. A.**

(7-of-6)